IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:10CR3005 |
| | ) | |
| v. | ) | |
| | ) | |
| MELISSA SPEAR, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

I am in receipt of a letter from Dennis G. Carlson, Counsel for Discipline for the State of Nebraska, referring a grievance submitted by Melissa Spear against her court-appointed lawyer in this case, Jessica Milburn. The grievance was referred to this court based upon an agreement between the Nebraska Supreme Court and this court. *See* NEGenR 1.8(c) (effective December 1, 2011). Because the grievance is frivolous, it will be denied after initial review. NeGenR 1.8 (g)(4)(A).

Ms. Spear generally complains that Ms. Milburn impeded her ability to appeal. In particular, Ms. Spear complains that Ms. Milburn failed to give copies of Ms. Milburn's file to Ms. Spear. She also complains that Ms. Milburn failed to return calls. Specifically, Ms. Spear complains that she missed her appeal filing deadline because she "couldn't get the paper work I needed?"

Under our ethical rules, a lawyer has no obligation to give his or her client copies of the lawyer's file. Moreover, once Ms. Milburn's appointment terminated when the time for appeal ran without the filing of a timely notice of appeal (as was the case here), Ms. Milburn was not obligated to take calls from Ms. Spear. Her appointment had ended.

Finally, the assertion that Ms. Spear could not appeal without "the paperwork" from Ms. Milburn's file is ridiculous. In order to appeal, all Ms. Spear had to do was to notify our court clerk of her desire to appeal, and the clerk would have filed the notice necessary to start an appeal. That process was explained in detail to Ms. Spear both orally and in writing when I sentenced her. (E.g. filing no. 67; filing no. 70.) Indeed, Ms. Spear caused

to be filed an untimely notice of appeal some six and a half months after sentencing. (Filing no. 79.) Even then, Ms. Spear did not act diligently. Ms. Spear was notified by the Court of Appeals how she might prosecute her belated appeal by paying the filing fee or by seeking leave to proceed without payment of the filing fee (filing no. 83), but Ms. Spear never responded and her appeal was dismissed for failure to prosecute it. (Filing no. 85.)

In sum, Jessica Milburn is a dedicated criminal defense lawyer. There is not the slightest reason to believe that she violated any ethical precept during the course of her representation of Ms. Spear. Therefore,

IT IS ORDERED that:

1. In this case, the Clerk shall file the letter from Dennis G. Carlson, Counsel for Discipline for the State of Nebraska, and the attachment. Both documents will be restricted.

2. Treated as an ethics grievance, the grievance is denied.

3. The Clerk shall open and close an attorney discipline case including a copy of this Memorandum and Order, the letter from Mr. Carlson and the grievance in that file.

4. A copy of this Memorandum and Order shall be provided to Dennis G. Carlson, Nebraska's Counsel for Discipline, Magistrate Judge Zwart, Jessica Milburn and Melissa Spear at her last known address.

DATED this 10th day of February, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge