IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3005 |
| | ) | |
| v. | ) | |
| | ) | |
| MELISSA SPEAR, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before me for initial review is Motion Under 28 U.S.C. § 2255. Concluding that the motion is utterly frivolous, I deny it with prejudice.

First, Ms. Spear complains that her experienced and zealous lawyer did not perfect an appeal. However, Ms. Spear waived her right to appeal in her plea agreement. (Filing no. 41 at CM/ECF pp. 5-6; filing no. 54 at CM/ECF p. 17 (transcript of guilty plea).) Moreover, Ms. Spear attempted to appeal six months too late, but, despite the late filing, the Court of Appeals gave Ms. Spear the opportunity to pay the filing fee or request leave to appeal in forma pauperis. (Filing no. 83.) Ms. Spear failed to respond to the Court of Appeals, and as a consequence the appeal was denied for failure to prosecute it. (Filing no. 85.) Thus, there is no reason to think that counsel was ineffective.

Second Ms. Spear complains that her experienced and zealous lawyer failed to challenge the issue of drug quantity and purity. Since Ms. Spears agreed that she was responsible "beyond a reasonable doubt for at least 50 grams but less than 150 grams of actual methamphetamine" (filing no. 41 at CM/ECF p. 4), there was nothing to challenge. By the way, the probation officer independently assessed the issue of drug quantity and purity and the probation officer found that Ms. Spears was responsible for approximately 97.7 grams of actual methamphetamine. (Filing no. 77 ¶ 12 at CM/ECF pp. 4-5.) Thus, there is no reason to think that counsel was ineffective.

Third, Ms. Spear complains that her experienced and zealous lawyer failed to seek a bill of particulars to better understand Ms. Spears' alleged involvement in the conspiracy. Since Ms. Spear effectively confessed to a conspiracy with Skyler Spear after having waived her *Miranda* rights (e.g, filing no 77 ¶¶89 at CM/ECF p. 4), there is no reason to think that a bill of particulars would have helped her. Thus, there is no reason to think that counsel was ineffective.

Fourth, Ms Spear complains that her experienced and zealous lawyer only spoke with her when the defendant appeared in court. Assuming, without deciding, that this assertion is true, given Ms. Spear's *Miranda*-based confession, her carefully negotiated plea agreement, her thorough plea colloquy with Judge Zwart and her sensible and successful participation in a "safety-valve" interview arranged by counsel (filing no. 77 ¶ 18 at CM/ECF p. 5), additional time with the lawyer would have been a waste. In any event, there was certainly no prejudice. Thus, there is no reason to think that counsel was ineffective.

IT IS ORDERED that:

1. The Motion Under 28 U.S.C. § 2255 (filing no. 105) is denied with prejudice.

2. A separate judgment will be filed.

DATED this 23rd day of May, 2012.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.